See further, Houghtaling *v.* Shelly, 51 Hun, 598; Phillips *v.* N. Y. C. & H. R. R. R. Co., 127 N. Y. 657; Whitaker *v.* D. & H. C. Co., 22 N. Y. St. Rep. 405; Ivory *v.* Town of Deerpark, 116 N. Y. 476; Ring *v.* City of Cohoes, 77 Id. 83; Malone *v.* B. & A. R. R. Co., 51 Hun, 532; Searles *v.* Man. R. Co., 101 N. Y. 661; Coppins *v.* N. Y. C. & H. R. R. R. Co., 48 Hun, 292; Ehrgott *v.* Mayor, etc., 96 N. Y. 264; Taylor *v.* City of Yonkers, 105 Id. 202.

WILLIAM S. WILLIAMS, Appellant, *v.* THE UNITED STATES TRUST COMPANY OF NEW YORK, Respondent.

*Court of Appeals, May 24, 1892.*

*Pledge. Sale.*—Where the plaintiff pledged to defendant certain bonds as security for a loan under an agreement to the effect that, in case of default in payment at the time specified, defendant might sell the securities in such manner as it, in its discretion, may deem proper, without notice; and where the defendant, upon the loan not being paid at maturity, sold the bonds without notice to plaintiff, it was held, in an action, for an alleged unlawful conversion, that, in the absence of evidence showing a modification of the agreement, plaintiff was not entitled to recover.

Appeal from judgment of the supreme court, general term, first department, affirming judgment dismissing the complaint and directing a judgment for defendant upon a counterclaim.

*John R. Dos Passos*, for appellant.

*Joseph H. Choate* and *Edward W. Sheldon*, for respondent.

EARL, Ch. J.—On the 1st day of March, 1884, the plaintiff borrowed of the defendant the sum of $300,000, and as collateral security for the same pledged to it bonds of the par value of $400,000. At the same time he executed and delivered to it the following instrument embodying the agreement between him and it :

" 300,000.                     NEW YORK, *March* 1, 1884.

" Six months after date, without grace, I promise to pay to the United States Trust Company of New York, at the office of said company in the city of New York, three hundred thousand dollars, for value received, with interest at the rate of 4 per cent per annum, having pledged to the said company as security (with authority to sell the same or any securities that may be subsituted in the lieu thereof, on the non-performance of the promise in such manner as they in their discretion may deem proper, without notice, either at the New York Stock Exchange or at public or private sale, and to apply the proceeds thereon), four hundred thousand dollars Louisville & Nashville R. R. Co. 1st Mtge. Bonds, N. O. and Mobile Division. In case of depreciation in the market value of the security hereby pledged, or which may hereafter be pledged for the loan, a payment is to be made on account, or additional approved security given, so that the said market value shall always be at least twenty per cent more than the amount unpaid of this note.

In case of failure to do so, this note shall be deemed to be

due and payable forthwith,. anything hereinbefore expressed to the contrary notwithstanding, and the company may immediately reimburse itself by sale of the security.

" W. S. WILLIAMS,

"32 Broad street,

" Office V. S. & Co."

In July, 1884, the plaintiff at the request of the defendant paid $15,000 upon the loan, and that is all he paid thereon.   In October and December, 1884, and January, 1885, long after the maturity of the loan according to the terms of the agreement, the defendant sold the bonds without notice to the plaintiff, and after applying the proceeds of the sale there remained a balance due on account of the loan to the defendant.

The plaintiff brought this action to recover damages for an unlawful conversion of the bonds.   He failed to recover and the defendant had judgment for the balance due it.

The rights and relations of the parties were clearly defined in the written instrument.   Whatever may have been the rights of the plaintiff and the duties of the defendant before the maturity of the loan, it is clear, and indeed undisputed, that after that time it could by the terms of the instrument sell the bonds for the payment of any balance due it without notice to him.

Hence no wrong was done to the plaintiff by the sale of these bonds unless the written agreement was in some way modified or the rights of the plaintiff thereunder in some way enlarged or changed.   Prior to the maturity of the loan there were some interviews and communications between the parties ; but they all had reference, as I understand them, to the security of the loan prior to its maturity.   They did not in any way affect the rights and duties of the parties under the written instrument after the loan by the terms of the instrument should mature.

The rights of the defendant under the instrument were in

no way modified by anything that occurred after the first day of September when the loan matured. On the third day of that month, the plaintiff wrote a letter to the defendant in which he said : " Please continue your indulgence to me for a few days and oblige." The indulgence was continued until the 4th day of October, when the defendant sold $1,000 of the bonds, and afterward it made four other sales of bonds in the same month and in December, amounting in all at par to $18,000, and these sales were all immediately reported to the plaintiff, and he found no fault with them.

On the first day of January there was nearly $270,000 still due upon the bond, and on that day the plaintiff wrote the defendant requesting it to apply the interest falling due upon the bonds upon the principal of the loan, and in that letter he said : " I thank you for the kind, liberal manner in which you have always treated me, and only regret that times have continued so unfavorable as not to have put me in a position to take up the loan." To this letter, on the 5th day of January, the defendant replied refusing his request, and saying that it " would be more than pleased to have the loan paid and off the books." Soon thereafter the bonds began to decline in the market, and after they had so declined as to be worth less than the loan the defendant began to sell the remainder of them in the market, and sold them fairly from time to time in the month of January, and reported the sales to the plaintiff.

It is clear that the rights of the parties under the written agreement, after the maturity of the loan remained unchanged, and that no wrong was done to the plaintiff by the sale of the bonds. He was, therefore, properly defeated in his action, and the judgment should be affirmed, with costs.

All concur.

---

NOTE.

See also, Williams *v.* U. S. Trust Co., 38 N. Y. St. Rep. 701; Smith *v.* Savin, 56 Hun, 640; Cass *v.* Higenbotom, 100 N. Y. 248.